IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| GEORGE HOEY MORRIS | * | |
| Plaintiff, | * | |
| v. | * | 2:06-CV-1006-MHT |
| | | (WO) |
| GORDON LEDBETTER, | * | |
| (INDIVIDUALLY), *et al.*, | | |
| | * | |
| Defendants. | | |

_____

**O R D E R**

This matter is before the court for screening pursuant to 28 U.S.C. § 1915(A). A thorough review of the complaint reflects that Plaintiff's allegations fail to identify when the various actions about which he complains occurred, concern claims that are not related to each other in time and type, and fail to identify factual allegations material to the specific counts lodged against the named defendants with respect to the alleged violations of Plaintiff's constitutional rights.

In light of the foregoing, it is ORDERED that:

1. On or before January 4, 2007 Plaintiff shall file an amended complaint on a form provided by the court for use in filing a 42 U.S.C. § 1983 complaint. *See* Local Rule 9.1 (requiring *pro se* litigants to utilize court's forms). Plaintiff's amended complaint should be filed in accordance with the directives contained in the instant order and shall supersede the original complaint. This means that Plaintiff shall no longer rely on the original complaint.

In addition, the claims in the amended complaint form should be less numerous than those contained in the original complaint due to the following requirements:

1. It is necessary for Plaintiff to file a separate complaint for each claim unless the claims are specifically related to the same incident or issue. Thus, for each different claim, Plaintiff must file a separate complaint and pay the $350.00 filing fee or, in lieu thereof, file a motion to proceed without prepayment of fees and costs. Plaintiff must, therefore, decide on which claim he will proceed in this action;

2. Plaintiff's amended complaint filed pursuant to the instant order shall contain one claim and any claims that can be shown closely related to it in both time and type – *i.e.*, arising out of the same incident or facts;

3. In that portion of the complaint form where Plaintiff must identify each individual that he seeks to name as a defendant, Plaintiff must provide facts to show that individual's participation or involvement in his claim with clarity and conciseness. That is, Plaintiff must state what that individual defendant did or failed to do and what he or she knew. If there are more defendants than there are spaces on the form, Plaintiff may attach additional pages to the form, but he must follow the format contained in the form for each additional defendant and identify his claim(s) against each defendant;

4. Plaintiff's amended complaint should comply with F.R.Civ.P. 8(a) which requires that a plaintiff plead "'a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim' is and the grounds upon which it rests." *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168 (1993)

(quoting *Conley v. Gibson*, 355 U.S. 41, 47(1957); *see Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984) (finding vague and conclusory claims are subject to dismissal).

    Plaintiff is advised that his failure to file a complaint within the prescribed time and in accordance with the directives contained in this order will result in a Recommendation that this case be dismissed for failure to prosecute and to obey the court's order. Furthermore, the failure to plead a complaint that complies with F.R.Civ.P. 8(a) – that is, a complaint that provides fair notice to the court and a defendant of the claim against the defendant – after being required to re-plead a complaint, will result in a Recommendation that the complaint be dismissed under F.R.Civ.P. 41(b) for failure to comply with the court's order. *Pelletier v. Zweifel*, 921 F.2d 1465, 1522 n.103 (11th Cir. 1991).

    The Clerk is DIRECTED to send Plaintiff a form for use in filing a complaint under 42 U.S.C. § 1983 to assist him in complying with the directives contained herein.

    DONE, this 15th day of December, 2006.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE