IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

GEORGE HOEY MORRIS,            *

    Plaintiff,              *

       v.                    *     2:06-CV-1006-MHT
                                                   (WO)
GORDON LEDBETTER,              *
(INDIVIDUALLY), *et al.*,
                               *

    Defendants.

_____

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff filed this *pro se* civil action on November 6, 2006. Under the Prison Litigation Reform Act of 1996, Pub. L. No. 104-134, § 804, 110 Stat. 1321, and 28 U.S.C. § 1915A, this court is required to screen complaints filed by prisoners against a governmental entity or officers or employees of governmental entities.[1]

After conducting its initial review of the complaint filed in this case, the court determined that Plaintiff's allegations failed to identify when the various actions about which he complains occurred, concerned claims that were not related to each other in time and type, and failed to identify factual allegations material to the specific counts lodged against the named defendants with respect to the alleged violations of Plaintiff's constitutional rights. Accordingly, on December 15, 2006, the court entered an order granting Plaintiff an

---

[1] The screening procedures which have been established for prisoner civil actions by § 1915A apply whether the plaintiff has paid the entire filing fee or is proceeding *in forma pauperis*. *Martin v. Scott*, 156 F.3d 578-579-80 (5th Cir. 1998).

opportunity to amend his complaint as set forth therein. (*See* Doc. No. 2.)

The court's December 15 order granted Plaintiff twenty-one (21) days to amend his complaint as directed. The court cautioned Plaintiff that his failure to file an amended complaint within the prescribed time and in accordance with the directives contained in the December 15 order would result in a recommendation that the case be dismissed for failure to prosecute and to obey the orders of the court. Plaintiff has failed to file an amended complaint as directed.[2]

The court has reviewed the file in this matter and finds that dismissal of the case at this juncture is the proper sanction. Plaintiff has exhibited a lack of respect for this court and its authority as he has failed to comply with the orders entered in this case within the time allowed. A court may *sua sponte* dismiss an action for failure to prosecute or to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b). *See Link v. Wabash R.R.,* 370 U.S. 626, 633 (1962); *World Thrust Films, Inc., v. International Family Entertainment, Inc.*, 41 F.3d 1454, 1456-57 (11th Cir. 1995). In light of the foregoing, the court concludes that dismissal of this case is appropriate for Plaintiff's failure to prosecute this action and comply with the orders of the court.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice for Plaintiff's failure to prosecute this action and to comply with the orders of this court.

---

[2]Plaintiff filed an objection to the court's order directing him to file an amended complaint. (*See* Doc. No. 3.) The objection was overruled by order entered December 28, 2006. (*See* Doc. No. 4.)

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before January 23, 2007. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 12th day of January, 2007.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE